UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| STATE OF TENNESSEE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| VS. | ) | No. 15-2398-STA-cgc |
|  | ) |  |
| JOHN GRIER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On August 25, 2015, Magistrate Judge Charmiane G. Claxton issued a report and recommendation (ECF No. 11) that the *pro se* complaint that was filed in this matter be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). Plaintiff has filed objections to the report and recommendation and a motion to "stay the action." (ECF No. 12.) Having carefully reviewed the record, the controlling case law, and Plaintiff's objections, the court agrees with the Magistrate Judge and **ADOPTS** the report and recommendation for dismissal. Plaintiff's motion to stay is **DENIED** as moot.

In the present action, Plaintiff is attempting to remove his criminal case from the Criminal Court of Shelby County pursuant to 28 U.S.C. § 1446.[1] (ECF No. 1.) As noted by Magistrate Judge Claxton, that statute provides for the removal of civil actions, not criminal actions. Consequently, this Court lacks subject matter over Plaintiff's cause of action. Plaintiff has presented no facts or law that convince the Court otherwise.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[2] Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the District Court, he may also proceed on appeal *in forma pauperis* without further authorization unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the District Court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.[3]

The good faith standard is an objective one.[4] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not

---

[1] A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
28 U.S.C. § 1446(a).

[2] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[3] Fed. R. App. P. 24(a)(4)-(5).

[4] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

frivolous.[5] It would be inconsistent for the Court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[6] The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[7]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 19, 2016

---

[5] *Id.*

[6] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[7] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of motions intended for filing in the Sixth Circuit.